IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SDB TRADE INTERNATIONAL, L.P. | § § § | |
| *vs.* | § § | C. A. NO. H – 09 – 3391 ADMIRALTY |
| OLDENDORFF CARRIERS GMBH & CO. KG, *et al.* | § § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff SDB Trade International, L.P. files this Original Complaint against Defendants, Oldendorff Carriers GmbH & Co. KG ("Oldendorff"), Gulf Stream Marine, Inc. ("GSM"), Texas Terminals Limited Partnership ("TTLP"), Coastal Cargo of Texas, Inc. ("Coastal"), Xxcell Freight Systems, Inc. ("Xxcell"), Alltrans Port Services, Inc. ("APS") and Alltrans Port Trucking, Inc. ("APT"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.  This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1). The Court has supplemental jurisdiction of Plaintiff's claims against Xxcell, APT and APS under 28 U.S.C. § 1367 because they are so related to the other claims in this action

within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.　Plaintiff is a Texas domestic limited partnership with its principal place of business in Pasadena, Texas.

3.　At all times material, Oldendorff owned, chartered, managed and/or operated the M/V EVNIA, M/V FREDERIKE OLDENDORFF and M/V NAN HAI as a common carrier of goods by water for hire between various ports, including the Ports of Mumbai, India and Houston. Oldendorff is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating, chartering and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Oldendorff is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Oldendorff may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Oldendorff has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Oldendorff is consistent

with the Constitutions and other laws of the United States and Texas. Accordingly, serving Oldendorff with a summons is effective to establish personal jurisdiction over it. Oldendorff can be served by serving the Texas Secretary of State. Process or notice can be sent to Oldendorff at its home office located at 6 Willy–Brandt–Allee, D–23554 Luebeck, Germany.

4. At all times material, GSM was a Texas corporation engaged in the business of handling and storing marine cargos, and loading and discharging cargo to and from vessels at the Port of Houston. GSM can be served by its registered agent, Kenneth A. Jack, 10000 Manchester Avenue, Suite C, Houston, Texas 77012.

5. At all times material, TTLP was a Texas corporation engaged in the business of handling and storing marine cargos, and loading and discharging cargo to and from vessels at the Port of Houston. TTLP can be served by its registered agent, C. T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

6. At all times material, Coastal was a Texas corporation engaged in the business of handling and storing marine cargos, and loading and discharging cargo to and from vessels at the Port of Houston. Coastal can be served by its registered agent, C. T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

7. At all times material, Xxcell was a Texas corporation engaged in the business of handling and storing marine cargos, and carrying cargo over the road in international, interstate and intrastate commerce in, to and from places in Texas. Xxcell can be served by its registered agent, Loren R. Cook & Associates Ltd., LLP,

2500 Wilcrest, Suite 201, Houston, Texas 77042.

8.     At all times material, APS was a Texas corporation engaged in the business of handling and storing marine cargos, and carrying cargo over the road in international, interstate and intrastate commerce in, to and from places in Texas. APS can be served by its registered agent, Donna V. Rains, 2317 N. Lago Vista, Pearland, Texas 77581.

9.     At all times material, APT was a Texas corporation engaged in the business of handling and storing marine cargos, and carrying cargo over the road in international, interstate and intrastate commerce in, to and from places in Texas. APT can be served by its registered agent, Benny R. Rains, 2317 N. Lago Vista, Pearland, Texas 77581.

*First Claim*

10.     On or about September 15, 2008, Plaintiff's shipper tendered in good order and condition to Oldendorff at Mumbai a cargo of seamless steel casing. Oldendorff agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges. Oldendorff acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading including Bill of Lading No. EOLDMUMHOU223105, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V EVNIA.

11.     Thereafter, on or about October 22, 2008, the M/V EVNIA arrived at Houston where GSM later discharged the cargo, not in the same good order and condition as when received but, on the contrary, part of the cargo was bent, dented, flattened, mashed, nicked, gouged, scraped, scored, pitted, shifted, wracked, nicked, crushed, smashed, deformed and otherwise physically damaged.  The damages and loss proximately resulted from Oldendorff's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the damages and loss proximately resulted from the unseaworthiness of the M/V EVNIA.

12.     Alternatively, the damages and loss proximately resulted from GSM's conduct in failing properly to discharge the cargo from the M/V EVNIA.  That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

13.     Alternatively, Oldendorff and/or GSM tendered the cargo in good order and condition to Xxcell at the Port of Houston, and Xxcell promised safely to receive, load, stow, secure, carry, unload and deliver to Plaintiff or its consignee at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Xxcell acknowledged receipt of the cargo in good order and condition and accordingly therewith issued various bills of lading free of exceptions or other notations for shortage, damage or other loss.

14.     When Xxcell later tendered to Plaintiff or its consignee the cargo, it was

no longer in the same good order and condition as when received but, on the contrary, part of the cargo was bent, dented, flattened, mashed, nicked, gouged, scraped, scored, pitted, shifted, wracked, nicked, crushed, smashed, deformed and otherwise physically damaged. The damages and loss proximately resulted from Xxcell's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a bailee, and/or common carrier of goods by road for hire.

15. Plaintiff proximately has sustained damages exceeding $28,371.92 plus interest dating from September 15, 2008, demand for which has been made upon Oldendorff, GSM and Xxcell but which they refuse to pay.

## *Second Claim*

16. On or about October 15, 2008, Plaintiff's shipper tendered in good order and condition to Oldendorff at Mumbai cargos of seamless steel casing. Oldendorff agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges. Oldendorff acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued various bills of lading including Bills of Lading Nos. EOLDMUMHOU240440, EOLDMUMHOU240475 and EOLDMUMHOU240476, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V FREDERIKE OLDENDORFF.

17. Thereafter, on or about December 2, 2008, the M/V FREDERIKE

OLDENDORFF arrived at Houston where TTLP later discharged the cargos, not in the same good order and condition as when received but, on the contrary, parts of the cargos were bent, dented, flattened, mashed, nicked, gouged, scraped, scored, pitted, shifted, wracked, nicked, crushed, smashed, deformed and otherwise physically damaged.  The damages and loss proximately resulted from Oldendorff's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the damages and loss proximately resulted from the unseaworthiness of the M/V FREDERIKE OLDENDORFF.

18.   Alternatively, the damages and loss proximately resulted from TTLP's conduct in failing properly to discharge the cargos from the M/V FREDERIKE OLDENDORFF.  That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

19.   Alternatively, Oldendorff and/or TTLP tendered the cargos in good order and condition to APS and/or APT at the Port of Houston, and APS and/or APT agreed safely to receive, load, stow, secure, carry, unload and deliver to Plaintiff or its consignee at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.  APS and/or APT acknowledged receipt of the cargos in good order and condition and accordingly therewith issued various bills of lading free of exceptions or other notations for shortage, damage or other loss.

20.     When APS and/or APT later tendered to Plaintiff or its consignee the cargos, they were not in the same good order and condition as when received but, on the contrary, parts of the cargos were bent, dented, flattened, mashed, nicked, gouged, scraped, scored, pitted, shifted, wracked, nicked, crushed, smashed, deformed and otherwise physically damaged.  The damages and loss proximately resulted from APS's and/or APT's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a bailee and/or common carrier of goods by road for hire.

21.     Plaintiff proximately has sustained damages exceeding $32,433.48 plus interest dating from October 15, 2008, demand for which has been made upon Oldendorff, TTLP, APS and APT, but which they refuse to pay.

## *Third Claim*

22.     On or about November 5, 2008, Plaintiff's shipper tendered in good order and condition to Oldendorff at Mumbai a cargo of seamless steel casing.  Oldendorff agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Oldendorff acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading including Bill of Lading No. EOLDMUMHOU255343, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V NAN HAI.

23. Thereafter, on or about December 15, 2008, the M/V NAN HAI arrived at Houston where Coastal later discharged the cargo, not in the same good order and condition as when received but, on the contrary, part of the cargo was bent, dented, flattened, mashed, nicked, gouged, scraped, scored, pitted, shifted, wracked, nicked, crushed, smashed, deformed and otherwise physically damaged. The damages and loss proximately resulted from Oldendorff's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the damages and loss proximately resulted from the unseaworthiness of the M/V NAN HAI.

24. Alternatively, the damages and loss proximately resulted from Coastal's conduct in failing properly to discharge the cargo from the M/V NAN HAI. That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

25. Alternatively, Oldendorff and/or Coastal tendered the cargo in good order and condition to APS and/or APT at the Port of Houston, and APS and/or APT agreed safely to receive, store, load, stow, secure, carry, unload and deliver to Plaintiff or its consignee at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges. APS and/or APT acknowledged receipt of the cargo in good order and condition and accordingly therewith issued various bills of lading free of exceptions or other notations for shortage, damage or other loss.

26. When APS and/or APT later tendered to Plaintiff or its consignee the cargo, it was not in the same good order and condition as when received but, on the contrary, part of the cargo was bent, dented, flattened, mashed, nicked, gouged, scraped, scored, pitted, shifted, wracked, nicked, crushed, smashed, deformed and otherwise physically damaged. The damages and loss proximately resulted from APS's and/or APT's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a bailee and/or common carrier of goods by road for hire.

27. Plaintiff proximately has sustained damages exceeding $26,317.22 plus interest dating from November 5, 2008, demand for which has been made upon Oldendorff, Coastal, APS and APT, but which they refuse to pay.

28. At all times material, Plaintiff owned the cargos described in this Original Complaint and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargos.

29. It has become necessary for Plaintiff to employ the law firm of Sharpe & Oliver, L.L.P. to recover the damages owed. Under Tex.Civ.Prac. & Rem. Code § 38.001, Plaintiff is entitled to recover its reasonable and necessary attorney fees from Xxcell, APS and APT.

WHEREFORE, PREMISES CONSIDERED, Plaintiff SDB Trade International, L.P. prays that this Honorable Court adjudge that Defendants, Oldendorff Carriers

GmbH & Co. KG, Gulf Stream Marine, Inc., Texas Terminals Limited Partnership, Coastal Cargo of Texas, Inc., Xxcell Freight Systems, Inc., Alltrans Port Services, Inc. and Alltrans Port Trucking, Inc., jointly and severally, are liable to Plaintiff for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

        Respectfully submitted,

        *SHARPE & OLIVER, L.L.P.*

        By _____
         Robert C. Oliver
         State Bar No. 15255700
         S. D. Texas No. 886
         550 Westcott, Suite 230
         Houston, Texas 77007–5096
         Telephone: (713) 864–2221
         Facsimile: (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

        ATTORNEYS  FOR  PLAINTIFF

*PLEASE SERVE:*

**Oldendorff Carriers GmbH & Co. KG**
By Serving the Texas Secretary of State
With Copies of Service or Notice to:
6 Willy–Brandt–Allee
D–23554 Luebeck, Germany

**Gulf Stream Marine, Inc.**
By Serving its Registered Agent:
Kenneth A. Jack
10000 Manchester Avenue, Suite C
Houston, Texas 77012

**Texas Terminals Limited Partnership**
By Serving its Registered Agent:
C. T. Corporation System
350 North St. Paul
Dallas, Texas 75201

**Coastal Cargo of Texas, Inc.**
By Serving its Registered Agent:
C. T. Corporation System
350 North St. Paul
Dallas, Texas 75201

**Xxcell Freight Systems, Inc.**
By Serving its Registered Agent:
Loren R. Cook & Associates Ltd., LLP
2500 Wilcrest, Suite 201
Houston, Texas 77042

**Alltrans Port Services, Inc.**
By Serving its Registered Agent:
Donna V. Rains
2317 N. Lago Vista
Pearland, Texas 77581

**Alltrans Port Trucking, Inc.**
By Serving its Registered Agent:
Benny R. Rains
2317 N. Lago Vista
Pearland, Texas 77581